Jennifer E. Duggan, SBN: 183833
Christina Bucci Hamilton, SBN: 292047
DUGGAN LAW CORPORATION
641 Fulton Ave., Suite 200
Sacramento, CA 95825
Telephone:     916.550.5309
Facsimile:     916.404.5900
jennifer@duggan-law.com
christina@duggan-law.com

Attorneys for Third-Party
KAREN KRAMER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL SCHOONMAKER,<br><br>         Plaintiff,<br><br>v.<br><br>CITY OF EUREKA and DOES 1-10,<br><br>         Defendants. | Case No. 3:17-cv-06749-VC<br><br>**KAREN KRAMER'S DECLARATION AND RESPONSE TO ORDER TO SHOW CAUSE RE SUBPOENA**<br><br><br><br><br><br>**Hon. Robert M. Illman** |

I, Karen Kramer, declare:

1.      I am an attorney duly licensed to practice before the courts in the State of California. I have personal knowledge of the facts and circumstances surrounding this matter and could, if called, competently testify thereto.

2.      On September 24, 2018 I was served with a subpoena to produce documents issued by Allison Jackson of the Harland Law Firm.  A true and correct copy of that subpoena is attached here as Exhibit A.

3.      I have reviewed Ms. Jackson's Request for an Order to Show Cause and her accompanying declaration (Dkt. No. 61).   Paragraphs 6 & 7 misstate what occurred when service of the subpoena was executed.  I am informed and believe that the process server came to my home on Sunday, September 23, 2018 at approximately 7:30pm. I am further informed and believe that he encountered near the end of my

driveway a group of my neighbors and my partner, Eric. Eric came in to my home and informed me that a process server was inquiring about me. I asked Eric to ask the process server about which matter he attempting to effectuate service. Eric returned outside and I am informed and believe that the process server informed him that he was there to effectuate service concerning the Schoonmaker matter. Eric came back inside the house and stated the same to me. I then asked Eric to tell the process server that I would accept service at my office the following day after noon, as I had appointments in the morning. I am informed and believe that Eric relayed this message to the process server. I did in fact accept service of the subpoena on the afternoon of Monday, September 24, 2018 at my office. Furthermore, Ms. Jackson was not present at any time during service of the subpoena and cannot have personal knowledge as to what occurred when I was served.

4.    Since January 1, 2010 (the date specified in the subpoena) I have been retained on behalf of the City seven times, as an attorney at law, for the purpose of performing legal services to the City of Eureka in the form of impartial workplace investigations, and in order to facilitate the rendering of legal advice to the City by the City's counsel.  Those investigations are as follows:

- A.W. – Investigating allegations of gender discrimination in the Parks and Recreation Department.
- R.T. – Investigating allegations of age-based discrimination in the Development Services Department.
- A.C. – Investigating allegations by a male harbor technician of FMLA retaliation for taking paternity leave.
- D.V. – Investigating allegations of religious discrimination in the Field Services Division of Public Works.
- J.F. – Investigating allegations of inappropriate computer use and discourteous behavior in the Inspection Division of Public Works.
- Schoonmaker/Bird – Investigating allegations of inappropriate conduct in the Personnel Department by Jill Schoonmaker and Gary Bird's response to her behavior.
- Lopez – Investigating allegations of gender discrimination in the Personnel Department.

5.    Of the documents requested, only the A.W., R.T., Schoonmaker/Bird, and Lopez

KAREN KRAMER'S DECLARATION AND RESPONSE TO ORDER TO SHOW CAUSE RE SUBPOENA
U.S. District Cour,Case No.: 3:17-cv-06749-VC

investigations are responsive to the requests for "All WRITINGS CONCERNING any INVESTIGATION(S) conducted by YOU for the period of January 1, 2010 to the present, on behalf of CITY, pertaining in any way to allegations of DISCRIMINATION by CITY, or any of its personnel or departments, on the basis of gender, age, and/or disability."

6.     The subpoena from Ms. Jackson requested documents related to legal services in the form of workplace investigations that I have performed for the City of Eureka.

7.     After reviewing the subpoena, I contacted Ethan Lowry, the City's attorney of record in the instant litigation. In response Robert Black, the City Attorney for the City of Eureka, contacted me to discuss whether the City intended to assert the attorney-client privilege regarding the documents requested.

8.     After multiple conversations and correspondences, Mr. Black advised me that the City agreed to waive the attorney-client privilege as to the Schoonmaker/Bird investigation and the Lopez investigation, would not be objecting to document production related to those investigations, and accordingly granted me permission to produce documents related to those investigations to Ms. Jackson. Mr. Black advised me that the City intended to assert attorney-client privilege as to the A.W., R.T., A.C., D.V., and J.F. investigations. In accordance with my ethical obligations to my client, I did not produce any attorney-client privileged documents to Ms. Jackson.

9.     I relied on Mr. Black's representation that they (either Mr. Black or Mr. Lowry) would be asserting the attorney-client privilege on the City's behalf and thus did not serve objections myself. I have since learned the City did not serve objections asserting the attorney-client privilege. Attached here as Exhibit B is a true and correct copy of written response to the document requests, which I provided to Ms. Jackson, through my attorney on October 31, 2018.

10.     On October 18, 2018, I produced the documents for which the City had waived the attorney-client privilege to Ms. Jackson.  Since that time, I have discovered that I inadvertently failed to produce invoices related to the Schoonmaker/Bird investigation and the Lopez investigations. Through my attorney, Christina Bucci of Duggan Law Corporation, I produced those additional documents to Ms. Jackson on October 29, 2018.

11.     When I produced the initial set of documents to Ms. Jackson on October 18, 2018, it was my understanding that the City would be preparing written responses to the document requests setting forth

what documents were being produced and what documents were being withheld pursuant to the attorney-client privilege.

12.    I have not attempted to evade service of the Order to Show cause in this matter as I understand Ms. Jackson has represented to this court. I was in Santa Barbara, California the week of October 22, 2018 through October 25, 2018 and was thus unable to be served at either my home or my office. I arrived home late on October 25, 2018, and left early in the morning on October 26, 2018 for a full day of interviews away from my office. To my knowledge, there was no attempted service over the weekend of October 27-28, 2018.

13. On October 29, 2018, my attorney represented to Ms. Jackson via email correspondence that she was authorized to accept service on my behalf.

14.    I am based in Danville, California, and I travel frequently for work on other matters.  I would therefore respectfully request that the Court grant me permission to appear by telephone at any hearing that requires my presence in this matter.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 31st day of October 2018 at Eureka, California.

Karen Kramer

KAREN KRAMER'S DECLARATION AND RESPONSE TO ORDER TO SHOW CAUSE RE SUBPOENA
U.S. District Cour,Case No.: 3:17-cv-06749-VC

# CERTIFICATE OF SERVICE

_Jill Schoonmaker v. City of Eureka_
USDC Northern District of California Case No. 3:17-cv-cv-06749-VC

I, Melanie Jagla, hereby declare:

I am a citizen of the United States and an employee of Duggan Law Corporation, and my business address is 641 Fulton Avenue, Suite 200, Sacramento, CA 95825. I am over the age of eighteen years old and not a party to the above-entited action.

On October 31, 2018, I electronically filed the following document(s) with the Clerk of the Court by using the CM/ECF system: **KAREN KRAMER'S DECLARATION AND RESPONSE TO ORDER TO SHOW CAUSE RE SUBPOENA**

I further certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on October 31, 2018, at Sacramento, California.

| Melanie Jagla | /s/ Melanie Jagla |
|---|---|
| Declarant | Signature |

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | |
|---|---|
| JILL SCHOONMAKER | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No.  3:17-cv-06749-VC |
| CITY OF EUREKA and DOES 1-10, inclusive | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                               KAREN KRAMER

_____
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See ATTACHMENT A

| Place: Redwood Litigation Services, Fountaingrove Corporate Centre, 3510 Unocal Place, Suite 115, Santa Rosa, CA; or, in the alternative, by mail to Harland Law Firm LLP | Date and Time: 10/05/2018 12:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/21/2018

|  _CLERK OF COURT_ | |
|---|---|
| | OR |
| _____ | _____ |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_    Jill Schoonmaker
_____ , who issues or requests this subpoena, are:

Michael McDonald, Harland Law Firm LLP, 212 G Street, Ste. 201, Eureka, CA 95501, mmcdonald@harlandlaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# ATTACHMENT A

## INSTRUCTIONS

1.    In responding to said request(s), you are required to use all information available to you including but not limited to information known of your own personal knowledge, information obtainable by a diligent search of sources of information available to you, and all information in the possession of or available to any person or persons acting on your behalf or under your control or under the control of your attorneys, agents, servants, or representatives.

2.    If you claim privilege or work product protection of any documents requested, you are requested to identify each such document and, with respect to each such document, state the specific basis for the claim of privilege or work product protection by providing the following information:

        a.    The subject matter of the document;

        b.    The title, heading or caption of the document, if any;

        c.    The identifying number(s), letter(s), or combination thereof;

        d.    The date appearing on the document or if no date appears thereon, the date or approximate date on which the document was prepared;

        e.    The general nature or description of the document (i.e. whether it is a letter, memorandum, minutes of a meeting, etc.) and the number of pages of which it consists;

        f.    The identity of the person who signed the document, and if it was not signed, the identity of each person who prepared it;

        g.    The identity of each person to whom the document was addressed and the identity of each person to whom a copy thereof was sent; and

        h.    The identity of each person who has custody of a copy of each such document.

3.    In producing any of the documents requested herein, you are required to produce documents located at any of your residences, offices, factories, storage units or facilities

1

1    including, but not limited to, your offices or headquarters, any branch or field offices and
2    any regional offices.

DEFINITIONS

3
4    1.    "WRITING" is defined for purposes of these Document Requests as the term "writing" is
5          defined by California Evidence Code section 250 ("'Writing' means handwriting,
6          typewriting, printing, photostating, photographing, photocopying, transmitting by
7          electronic mail or facsimile, and every other means of recording upon any tangible thing,
8          any form of communication or representation, including letters, words, pictures, sounds,
9          or symbols, or combinations thereof, and any record thereby created, regardless of the
10         manner in which the record has been stored.")  The term  and includes all written and
11         graphic matter of every kind and description, whether printed or produced by any process
12         or by hand, whether final draft or reproduction, whether in the actual or constructive
13         possession, custody or control of the respondent to a given interrogatory, including any
14         and all written letters, correspondence, memoranda, notes, statements, transcripts, files,
15         charters, articles of incorporation, securities, bonds, stocks, certificates of deposit,
16         evidences of debt, contracts, agreements, licenses, memoranda or notes of telephone or
17         personal conversations, work papers, tapes, charts, reports, books, ledgers, telegrams,
18         sound recordings, books of account, customer account statements, financial statements,
19         catalogs, checks, check stubs, and written statements of witnesses or other persons having
20         knowledge pertaining to the pertinent facts requested or relating to the interrogatory or
21         subpart thereof, whether or not these documents are claimed to be privileged against
22         discovery on any ground.
23   2.    "YOU" is defined, for purposes of these Document Requests, as Karen Kramer.
24   3.    "CITY" is defined, for purposes of these Document Requests, as Defendant CITY OF
25         EUREKA.
26   4.    "CONCERNING" is defined, for purposes of these Document Requests, as relating to,
27         regarding, or connected with.
28   5.    "INVESTIGATION(S)" is defined, for purposes of these Document Requests, as a

2

Attachment A - Subpoena for Documents (Rule 45)                    Case No. 3:17 - 06749-VC

1    searching inquiry for ascertaining facts; systematic study, or detailed and careful

2    examination.

3    6.    "DISCRIMINATION" is defined, for purposes of these Document Requests, as treatment

4    or consideration of, or making a distinction in favor of or against, a person based on the

5    group, class, or category to which that person belongs rather than on individual merit.

6    ## DOCUMENTS REQUESTED

7    1.    All WRITINGS  between YOU and any CITY employees, including without limitation

8    Greg Sparks, Gary Bird, Cyndy Day-Wilson, Will Folger, Christine Lopez, Lane Millar,

9    Pam Powell, or Miles Slattery, in any way regarding Jill Schoonmaker.

10    2.    All WRITINGS between YOU and any former CITY employees, including but not

11    limited to Andrew Mills, Becke Perry, Pearl Mendoza, Nancy Vellis, and Kim Eastlick,

12    regarding Jill Schoonmaker.

13    3.    All WRITINGS between YOU and Jill Schoonmaker.

14    4.    All WRITINGS CONCERNING any INVESTIGATION(S) conducted by YOU for the

15    period of January 1, 2010 to the present, on behalf of CITY, pertaining in any way to

16    allegations of DISCRIMINATION by CITY, or any of its personnel or departments, on

17    the basis of gender, age, and/or disability.

18    5.    All WRITINGS CONCERNING any INVESTIGATION(S) conducted by YOU for the

19    period of January 1, 2017 to the present, on behalf of CITY, pertaining in any way to

20    allegations of DISCRIMINATION by CITY, or any of its personnel or departments, on

21    the basis of gender, age, and/or disability.

22

23

24

25

26

27

28

3

Attachment A - Subpoena for Documents (Rule 45)

1

## PROOF OF SERVICE

2      I am a citizen of the United States, employed in the County of Humboldt, over the age of 18
3  years, and not a party to this action. My business address is 622 H Street, Eureka, California, 95501-
   1026.
4      On this date, I served the following on the interested party(ies) listed below:

**PLAINTIFF JILL SCHOONMAKER'S NOTICE RE: SUBPOENA TO KAREN KRAMER TO
5              PRODUCE RECORDS (FRCP Rule 45(a)(4))**

6

7   ☒   **(By Mail)** I placed a copy of each document in an envelope for each addressee, sealed the
        envelope and, with postage thereon fully prepaid, placed each envelope for deposit with the U.S.
        Postal Service at Eureka, California.
8   ☐   **(By Overnight Delivery)** I placed a copy of each document in an overnight delivery package for
        each addressee, sealed each envelope and, with delivery fees fully provided for, placed each
9       package for deposit in a box regularly maintained by the overnight delivery service at Eureka,
        California.
10  ☐   **(By Personal Service)** I personally delivered, or caused to be personally delivered, a copy of
        each document to the party(ies) and at the addresses set forth below.
11  ☐   **(By Personal Service- Facsimile)** Pursuant to stipulation of counsel, or pursuant to C.C.P. §
        1005(c), I caused each document to be transmitted to each addressee at the facsimile number set
12      forth below. Confirmation of receipt at each addressee's facsimile machine was made by sender's
        facsimile machine.
13  ☒   **(By Email or Electronic Transmission)** Pursuant to a Court order or agreement of the parties, I
        caused each document to be sent to each addressee at the email address set forth below. I did not
14      receive within a reasonable time after the transmission any electronic message or other indication
        that the transmission was unsuccessful.
15

16      I declare under penalty of perjury under the laws of the United States and the State of California
   that the above is true and correct.
17

18  Dated: September 21, 2018

19                                          Paul Heagerty

20

21  Ethan M. Lowry
    Bertrand, Fox, Elliot, Osman & Wenzel
    2749 Hyde Street
22  San Francisco, CA 94109-1222
    elowry@bfesf.com
23

24

25

26

27

28

# EXHIBIT B

Jennifer E. Duggan, SBN: 183833
Christina Bucci Hamilton, SBN: 292047
DUGGAN LAW CORPORATION
641 Fulton Ave., Suite 200
Sacramento, CA 95825
Telephone:    916.550.5309
Facsimile:    916.404.5900
jennifer@duggan-law.com
christina@duggan-law.com
Attorneys for
KAREN KRAMER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JILL SCHOONMAKER,

     Plaintiff,

v.

CITY OF EUREKA and DOES 1-10,

     Defendants.

Case No. 3:17-cv-06749-VC

**KAREN KRAMER'S RESPONSE TO JILL SCHOONMAKER'S SUBPOENA TO PRODUCE DOCUMENTS**

**Hon. Vince Chhabria**

     Karen Kramer responds to plaintiff JILL SCHOONMAKER's Subpoena to Produce Documents as follows:

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:

All WRITINGS between YOU and any CITY employees, including without limitation Greg Sparks, Gary Bird, Cyndy Day-Wilson, Will Folger, Christine Lopez, Lane Millar, Pam Powell, or Miles Slattery, in any way regarding Jill Schoonmaker.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

     This request calls for the production of documents protected by the attorney-client privilege. However, Responding Party has been advised by her client, the City of Eureka, that the City has agreed to waive said privilege and permit production of the requested documents subject to the protective order in place in this matter.

1

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:

All WRITINGS between YOU and any former CITY employees, including but not limited to Andrew Mills, Becke Perry, Pearl Mendoza, Nancy Vellis, and Kim Eastlick, regarding Jill Schoonmaker.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

This request calls for the production of documents protected by the attorney-client privilege. However, Responding Party has been advised by her client, the City of Eureka, that the City has agreed to waive said privilege and permit production of the requested documents subject to the protective order in place in this matter.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:

All WRITINGS between YOU and Jill Schoonmaker.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

This request calls for the production of documents protected by the attorney-client privilege. Subject to and without waiving this objection, Responding Party responds as follows:

Since January 1, 2010, Responding Party has been retained on behalf of the City seven times in order to render legal services to the City of Eureka in the form of impartial workplace investigations. Those investigations are as follows:

- A.W. – Investigating allegations of gender discrimination in the Parks and Recreation Department.
- R.T. – Investigating allegations of age-based discrimination in the Development Services Department.
- A.C. – Investigating allegations by a male harbor technician of FMLA retaliation for taking paternity leave.
- D.V. – Investigating allegations of religious discrimination in the Field Services Division of Public Works.
- J.F. – Investigating allegations of inappropriate computer use and discourteous behavior in the Inspection Division of Public Works.
- Schoonmaker/Bird – Investigating allegations of inappropriate conduct in the Personnel Department by Jill Schoonmaker and Gary Bird's response to her behavior.

2

1  • Lopez – Investigating allegations of gender discrimination in the Personnel Department.

2  Of the documents requested, only the A.W., A.C., Schoonmaker/Bird, and Lopez investigations

3  are responsive to the request.  Responding Party has been advised by her client, the City of Eureka, that

4  the City has agreed to waive the attorney-client privilege and permit production of the requested

5  documents only as to the Schoonmkaer/Bird and Lopez investigations and subject to the protective order

6  in place in this matter.  The City has asserted the attorney-client privilege as to the A.W. and A.C.

7  investigations and Responding Party cannot produce documents related to those investigations

8  accordingly. Responding Party will also produce non-privileged responsive documents.

9  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:

10  All WRITINGS CONCERNING any INVESTIGATION(S) conducted by YOU for the period of January 1,

11  2010 to the present, on behalf of CITY, pertaining in any way to allegations of DISCRIMINATION by CITY,

12  or any of its personnel or departments, on the basis of gender, age, and/or disability.

13  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

14  Objection that this request calls for the production of documents protected by the attorney-client

15  privilege.  Subject to and without waiving this objection, Responding Party responds as follows:

16  Since January 1, 2010, Responding Party has been retained on behalf of the City seven times in

17  order to render legal services to the City of Eureka in the form of impartial workplace investigations.

18  Those investigations are as follows:

19  • A.W. – Investigating allegations of gender discrimination in the Parks and Recreation
20  Department.

21  • R.T. – Investigating allegations of age-based discrimination in the Development Services
22  Department.

23  • A.C. – Investigating allegations by a male harbor technician of FMLA retaliation for
24  taking paternity leave.

25  • D.V. – Investigating allegations of religious discrimination in the Field Services Division
26  of Public Works.

27  • J.F. – Investigating allegations of inappropriate computer use and discourteous behavior in
28  the Inspection Division of Public Works.

- Schoonmaker/Bird – Investigating allegations of inappropriate conduct in the Personnel Department by Jill Schoonmaker and Gary Bird's response to her behavior.

- Lopez – Investigating allegations of gender discrimination in the Personnel Department.

Of the documents requested, only the A.W., R.T., Schoonmaker/Bird, and Lopez investigations are responsive to the request.  Responding Party has been advised by her client, the City of Eureka, that the City has agreed to waive the attorney-client privilege privilege and permit production of the requested documents only as to the Schoonmkaer/Bird and Lopez investigations and subject to the protective order in place in this matter.  The City has asserted the attorney-client privilege as to the A.W. and R.T. investigations and Responding Party cannot produce documents related to those investigations accordingly.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:

All WRITINGS CONCERNING any INVESTIGATION(S) conducted by YOU for the period of January 1, 2017 to the present, on behalf of CITY, pertaining in any way to allegations of DISCRIMINATION by CITY, or any of its personnel or departments, on the basis of gender, age, and/or disability.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

Objection that this request calls for the production of documents protected by the attorney-client privilege.  Subject to and without waiving this objection, Responding Party responds as follows:

Since January 1, 2010, Responding Party has been retained on behalf of the City seven times in order to render legal services to the City of Eureka in the form of impartial workplace investigations.  Those investigations are as follows:

- A.W. – Investigating allegations of gender discrimination in the Parks and Recreation Department.

- R.T. – Investigating allegations of age-based discrimination in the Development Services Department.

- A.C. – Investigating allegations by a male harbor technician of FMLA retaliation for taking paternity leave.

- D.V. – Investigating allegations of religious discrimination in the Field Services Division of Public Works.

- J.F. – Investigating allegations of inappropriate computer use and discourteous behavior in the Inspection Division of Public Works.
- Schoonmaker/Bird – Investigating allegations of inappropriate conduct in the Personnel Department by Jill Schoonmaker and Gary Bird's response to her behavior.
- Lopez – Investigating allegations of gender discrimination in the Personnel Department.

Of the documents requested, only the A.W., R.T., Schoonmaker/Bird, and Lopez investigations are responsive to the request.  Responding Party has been advised by her client, the City of Eureka, that the City has agreed to waive the attorney-client privilege and permit production of the requested documents only as to the Schoonmkaer/Bird and Lopez investigations and subject to the protective order in place in this matter.  The City has asserted the attorney-client privilege as to the A.W. and R.T., investigations and Responding Party cannot produce documents related to those investigations accordingly.

KAREN KRAMER'S RESPONSE TO JILL SCHOONMAKER'S SUBPOENA TO PRODUCE DOCUMENTS
U.S. District Court, Case No.: 3:17-cv-06749-VC

# CERTIFICATE OF SERVICE

*Jill Schoonmaker v. City of Eureka*
USDC Northern District of California Case No. 3:17-cv-cv-06749-VC

I, Melanie Jagla, hereby declare:

I am a citizen of the United States and an employee of Duggan Law Corporation, and my business address is 641 Fulton Avenue, Suite 200, Sacramento, CA 95825. I am over the age of eighteen years old and not a party to the above-entied action.

On <u>October 31, 2018</u>, I served the within **KAREN KRAMER'S RESPONSE TO JILL SCHOONMAKER'S SUBPOENA TO PRODUCE DOCUMENTS** on the following person(s):

| | |
|---|---|
| Allison G. Jackson<br>HARLAND LAW FIRM LLP<br>212 G Street, Suite 201<br>Eureka, CA 95501<br>ajackson@harlandlaw.com | *Attorney for Plaintiff*<br>Jill Schoonmaker |

☒  **BY MAIL:** I am familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service and that each day's mail is deposited with the United States Postal Service that same day in the ordinary course of business.   On the date set forth above, I served the aforementioned document(s) on the parties in said action by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing on this date, following ordinary business practices, at Sacramento, California, addressed as set forth above.

☒  **BY ELECTRONIC SERVICE:** By 5:00 p.m. I electronically transmitted the document(s) listed above to the email address(es) of the person(s) set forth above. The email address I used to transmit these documents is melanie@duggan-law.com. This transmission was sent on this date. The transmission was reported and complete without error. (CRC 2.251 or Fed.R.Civ.P. 5(b)(E)).

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>October 31, 2018</u>, at Sacramento, California.

_____
Melanie Jagla
Declarant

_____
Signature