RICHARD A. SMITH
ALLISON G. JACKSON
JOHN S. LOPEZ
AMY MENDOZA-STOVER
TAMARA C. FALOR
MICHAEL E. MCDONALD

Gerald R. Harland
(Partner 1952 - 2012)

# Harland Law Firm LLP

ATTORNEYS AT LAW

212 G STREET, SUITE 201
EUREKA, CALIFORNIA 95501
(707) 444-9281
FACSIMILE: (707) 445-2961

Allison G. Jackson
ajackson@harlandlaw.com

FORTUNA

954 MAIN STREET
FORTUNA, CA 95540
(707) 725-4426
FACSIMILE: (707) 725-5738

November 6, 2018

The Honorable Judge Robert M. Illman
United States Courthouse
3140 Boeing Avenue
McKinleyville, CA 95519-9372

> Re:   Letter Brief Re: Plaintiff's Reply to Response to Order to Show Cause
> *Schoonmaker v. City of Eureka*, U.S. Dist. Ct., No. Dist., Cal.
> Case No. 3:17-CV-06749-VC

Dear Judge Illman:

On October 31, 2018, Defendant City of Eureka filed a response for the third-party witness regarding the Order to Show Cause ("OSC") hearing for Karen Kramer scheduled for November 7, 2018.  Procedurally, the City's letter brief is deficient on its face as the City has no standing in the matter.  Moreover, the letter brief is procedurally deficient as it does not bring the waived issue of attorney-client privilege before this court.  Accordingly, Plaintiff is filing this letter brief as a reply to Defendant's October 31, 2018, letter to apprise this court as to the status of the law and facts of this matter prior to the hearing.

## I.   FACTS/TIME LINE REGARDING THIRD-PARTY SUBPOENA NON-COMPLIANCE

1.   Subpoena Duces Tecum Issued: 9/21/2018; *see* Dkt. No. 61-2 at page 2 of 6;
2.   Date for Production: 10/5/2018; *see* Dkt. No. 61-2 at page 2 of 6;
3.   Attempted Service at Residence: 9/23/2018; *see* Dkt. No. 61-2 at page 3 of 6;
4.   Date of Service at Office: 9/24/2018; *see* Dkt. No. 61-2 at page 3 of 6;
5.   Number of Days from Date of Service to Date Set for Production: 11 Days;
6.   14th Day after Service: 10/08/2018;
7.   Filing of Plaintiff's Request for OSC: 10/12/2018; *see* Dkt. No. 61;
8.   Number of Days from Date Set for Production to Filing of Plaintiff's Request for OSC: 7 Days;

Harland Law Firm LLP

Hon. Robert M. Illman
November 6, 2018
Page 2

9.      Kramer Produces Partial Documents of Only Lopez and Schoonmaker/Bird
        Reports: 10/18/2018;
10.     14th Day After Date Set for Production: 10/19/2018;
11.     Hearing on Request for OSC: 10/23/2018; *see* Dkt. No. 66;
12.     Issuance of OSC: 10/23/2018 (Process Server Received Same Day); *see* Dkt. No.
        64;
13.     10/23/2018: Process Server attempts to contact Kramer at all available numbers
        and found no response; *see* Dkt. No. 67-1 at page 2 of 3;
14.     10/24/2018: Process Server leaves voice mail for Kramer asking for appointment
        to serve OSC; Process Server receives call from Kramer @ 4:40 p.m.; Kramer
        states she is in Santa Barbara and makes clear she does not intend to accept
        service, will not return before 10/26 service deadline, and refuses to provide an
        address in Santa Barbara to facilitate service; per his instructions, Process Server
        informs Kramer that the court has ordered service of the OSC by 10/26, which
        Kramer acknowledges; *see* Dkt. No. 67-1 at page 2 of 3;
15.     10/25/2018: Process server attempts to serve Kramer at both residence & office
        but is unsuccessful; *see* Dkt. No. 67-1 at page 2 of 3;
16.     Court-Ordered Deadline for Service of OSC: 10/26/2018; *see* Dkt. No. 64;
17.     Plaintiff Files Letter Brief Regarding Status of Service of OSC: 10/26/2018; *see*
        Dkt. No. 67;
18.     Process Server instructed to continue efforts to serve OSC on Kramer:
        10/29/2018 at 10:55 a.m.;
19.     Bucci emails copies of Lopez investigation 1 invoice & Schoonmaker
        investigation 1 invoice: 10/29/2018 at 2:57 p.m.;
20.     Process server attempts service @ office: 10/31/2018 at approximately 10:30
        a.m.
21.     Kramer files her Response to OSC: 10/31/2018 at 12:36 p.m.; *see* Dkt. No. 68;
22.     Process Server is instructed to discontinue attempts to serve OSC: 10/31/2018 at
        1:09 p.m.;
23.     Defendant City of Eureka Attorney Ethan Lowry files Defendant's Letter
        Response to OSC: 10/31/2018 at 1:43 p.m.; *see* Dkt. No. 69; and
24.     Kramer Attorney Christina Bucci files her Letter Response to OSC on 10/31/2018
        at 2:10 p.m requesting that both she and her client, Ms. Kramer, be excused from
        appearing at the OSC Re: Contempt Hearing; *see* Dkt. No. 70.

Harland Law Firm LLP

Hon. Robert M. Illman
November 6, 2018
Page 3

## II.      DISCUSSION
## A.      The Subpoena and Service of the Subpoena Upon Ms. Kramer

A subpoena served pursuant to Federal Rule of Civil Procedure 45 shall
"command each person to whom it is directed to attend and give testimony or to
produce and permit inspection and copying of designated books, documents or tangible
things in the possession, custody or control of that person." Fed. R. Civ. P.
45(a)(1)(A)(iii). Every deposition subpoena must state the court from which it issued,
state the title of the action and its civil-action number, specify to each person to whom
it is directed the time and place set for the deposition, and set out the text of Rule 45(d)
and (e). Fed. R. Civ. P. 45(a)(1)(B)(i)-(iv). Serving a subpoena requires "delivering a
copy to the named person," which is interpreted to mean personal service. Fed. R. Civ.
P. 45(b)(1). *See Prescott v. Cnty. of Stanislaus*, No. 1:10-cv-00592 JLT, 2012 WL
10617, at *3 (E.D. Cal. Jan. 3, 2012) (a majority of courts interpreting "delivering" to
require personal service).

Under Fed. R. Civ. P. 45, the non-party served with the subpoena duces tecum
may make objections to the subpoena duces tecum within 14 days after service or before
the time for compliance, if less than 14 days. Fed. R. Civ. P. 45(c)(2)(B). Only the
nonparty can prevent disclosure by objection. The party to whom the subpoenaed
records pertain cannot simply object. Rather, a protective order or motion to quash the
subpoena is required. Once the person subpoenaed timely objects to the subpoena the
provisions of Fed. R. Civ. P. 45(d) come into play. Then the party seeking discovery
must obtain a court order directing compliance. A non-party's failure to serve timely
objections waives all grounds for objection, including privilege.[1]

---

[1] A nonparty that fails to timely and properly object to a subpoena generally waives any
objection it may have had. *See CresCom Bank v. Terry*, 269 F.Supp.3d 708, 711 (D.S.C. 2017);
*McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002); *Baker v. Ensign*, No.
11-CV-2060, 2014 U.S. Dist. LEXIS 91972, 2014 WL 3058323, *6 (S.D. Cal. 2014). However, "in
unusual circumstances and for good cause, the failure to act timely will not bar consideration of
objections to a Rule 45 subpoena." *Yousuf v. Samantar*, 451 F.3d 248, 252, 371 U.S. App. D.C. 329
(D.C. Cir. 2006); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005).
      Unusual circumstances are:
1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; 2) the subpoenaed
witness is a non-party acting in good faith; and 3) [subpoenaed party] and counsel for subpoenaing
party were in contact concerning the [subpoenaed party's] compliance prior to the time the
[subpoenaed party] challenged legal basis for the subpoena. (*BNSF Ry. Co. v. Alere, Inc.* (S.D.Cal.
May 17, 2018, No. 18-CV-291-BEN-WVG) 2018 U.S.Dist.LEXIS 83559, at *18.)
      Here, neither Kramer nor her counsel has even cited to Rule 45, nor provided points and

Harland Law Firm LLP

Hon. Robert M. Illman
November 6, 2018
Page 4

Here, Ms. Kramer was served with a subpoena commanding her production of documents on September 24, 2018.  She was noticed to comply on or before October 5, 2018. The subpoena served on Ms. Kramer complied with the substantive requirements of Rule 45. The subpoena indicates it was issued by the United States District Court for the Northern District of California, state the title of this action along with the civil-action number, and set out the text of Rule 45(d) and (e). Ms. Kramer did not comply with production of any documents whatsoever by the date in the subpoena; she did not request an extension; nor did she file an objection, a motion to quash, or a motion for a protective order by either the time set forth in the subpoena or within 14 days of service.  Rule 45(c)(2)(B).  Ms. Kramer is a licensed attorney in the State of California.

Nor did Ms. Kramer have her own counsel (Ms. Bucci) respond to the subpoena with documents, or ask for an extension, or file an objection, or file a motion to quash, or request for a protective order within the time set forth in the subpoena or within 14 days as provided for under Rule 45(d)(2)(B).  (She did file a partial response and objection on October 31, Dkt. No. 70.)

Nor did counsel for Defendant file a motion to quash or for a protective order, neither within the time frame of Rule 45, nor to date.

The objection by Kramer is extremely untimely and procedurally defective as she has not filed any pleadings as to why "unusual circumstances" apply to her willfully ignoring the duly issued subpoena, and since there was no motion to quash or motion for a protective order filed by Defendant within the appropriate time frame, *her vague unsubstantiated assertion of attorney-client privilege is not properly before the court*.[2]

**B.    Contempt Proceedings for Non-Compliance with a Valid Subpoena**

Plaintiff previously filed an ex parte application for the Court to order Ms. Kramer to show cause re: contempt.  This Court issued that OSC on October 23, 2018.

---

authorities on the untimely "assertions" regarding privilege belatedly made in the untimely objection and response *first raised by Ms. Kramer in her Response dated October 31, 2018.* (Exhibit B to Dkt. No. 68). Moreover, in addition to the fact that the actual facts do not support a valid claim of attorney-client privilege regarding the subpoenaed documents, even if either Kramer or her counsel had found the time to brief the issue, none of the three unusual circumstances applies.

[2] This assertion of attorney-client privilege has not been briefed and is not before the court because, factually and legally, there is no applicable privilege.  Kramer has not properly and timely asserted it because the facts do not provide for it.

Harland Law Firm LLP

Hon. Robert M. Illman
November 6, 2018
Page 5

Pursuant to Rule 45(e)(g), a court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the Court. *United States Sec. & Exh. Comm'n v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010). Where a party seeks a contempt sanction against a nonparty, that nonparty has the right to be heard in a meaningful fashion. Hyatt, 621 F.3d at 696-97; *see also Fisher v. Marubeni Cotton Corp*., 526 F.2d 1338, 1342 (8th Cir. 1975).

A contempt charge against a nonparty may be either of a criminal or a civil nature. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). Criminal contempt is deemed punitive as it is designed to punish the affront to the court. *See Gompers v. Bucks*, 221 U.S. 418, 441 (1911). It may include fines payable to the court, and it also may include jail time.

Civil contempt, on the other hand, is meant to compel obedience with a court order, or to compensate the contemnor's adversary for the injuries resulting from the non-compliance. *Falstaff Brewing Corp.*, *supra*, 702 F.2d at 778. The district court has wide latitude in deciding whether there has been contemptuous defiance of one of its orders. *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). A civil contempt order must include a "purge" condition whereby it provides the contemnor with an opportunity to comply with the order before payment of the fine or other sanction becomes due. *De Parcq v. U.S. District Court for the S. Dist. of Iowa*, 235 F.2d 692, 699 (9th Cir. 1956) ("[C]ivil contempt is conditional in nature and can be terminated if the contemnor purges himself of the contempt."). In imposing civil contempt sanctions, the court must impose the most minimal sanction necessary to coerce the contemnor to comply with the order. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992). Where the objective of the contempt order is to ensure the contemnor's compliance, the court must "consider the character and magnitude of the harm threatened by continued contumacy, and the probably effectiveness of any suggested sanction in bringing about the desired result." *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. CV-08-00519, 2009 WL 605789, at *3 (C.D. Cal. Mar. 9, 2009).

To establish civil contempt, Plaintiff must show by clear and convincing evidence that Ms. Kramer violated a specific order of the court. *See FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).  The burden then shifts to Ms. Kramer to show that she took every possible step to comply with the subpoena and to articulate reasons why compliance was not possible. *See Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983). In considering the contemnor's reasons why compliance was not possible, see *Stone*, *supra*, 968 F.2d at 856-57.

Plaintiff has established that Ms. Kramer violated a specific and definite order of the court by failing to produce documents described in her duly issued subpoena by the

Harland Law Firm LLP

Hon. Robert M. Illman
November 6, 2018
Page 6

date listed in the subpoena.   This court has given her additional time to comply by not issuing the OSC until October 23, 2018.  Ms. Kramer then did provide two invoices and a recording of Plaintiff Schoonmaker from Alice Weberg's claims of age and gender discrimination (described below).  To date, Kramer has not fully complied with the subpoena.   To date outstanding *known* items include:

1)      All invoices (Plaintiff was belatedly provided two invoices on October 31, one invoice for Schoonmaker dated July17, 2017, and one for Lopez dated October 5, 2018);

2)      All contracts of employment regarding investigations including Schoonmaker and Lopez and documentation of scope of employment/interviews; and

3)      The Reports as outlined in Kramer's Response to OSC at Paragraph 4 (Dkt. No. 68) which are set forth below as:

•       A.W. – Investigating allegations of gender discrimination in the Parks and Recreation Department.

Upon investigation and upon information and belief, the AW report is in regards Alice Weberg's claim of gender and age discrimination and for which Plaintiff believes Kramer simply rubber-stamped the Defendant's termination.

•       R.T. – Investigating allegations of age-based discrimination in the Development Services Department.

Upon investigation and upon information and belief, the RT report regards claim of Rylie Topelewski for age discrimination by Rob Holmland and for which Plaintiff believes Kramer simply rubber-stamped the Defendant's denial of age discrimination within that department. In the alternative, Plaintiff also believes that this report, if it involves Mr. Holmlund, also ties with the claims made in the complaint regarding the promotion of Lane Millar in that department when Mr. Millar had no training, education, or experience in planning.

•       A.C. – Investigating allegations by a male harbor technician of FMLA retaliation for taking paternity leave.

Upon investigation and upon information and belief, the AC report regards Aaron Coyle's claim of FMLA retaliation/discrimination and for which Plaintiff believes Kramer simply rubber-stamped the Defendant's actions.

•       D.V. – Investigating allegations of religious discrimination in the Field Services Division of Public Works.

Upon investigation and upon information and belief, the DV report regards Daniel Vit's claim of discrimination and for which Plaintiff believes Kramer simply rubber-stamped the Defendant's actions.

•       J.F. – Investigating allegations of inappropriate computer use and discourteous behavior in the Inspection Division of Public Works.

Harland Law Firm LLP

Hon. Robert M. Illman
November 6, 2018
Page 7

Upon investigation and upon information and belief, the JF report regards John Fitzhughs's current claim of age discrimination within the Public Works Department/Brian Gerving in Humboldt County Superior Court, Case Number DR160284, and for which Plaintiff believes Kramer simply rubber-stamped the Defendant's termination claiming as the basis a photoshopped picture obtained by Defendant City of Eureka's City Clerk, Pam Powell, allegedly found on Fitzhugh's computer after an exhausting search to find something to terminate him after Fitzhugh's long standing claims of hostile work environment and discrimination were ignored by Defendant.

As discussed above, Kramer has both belatedly and partially complied with some production, but the limited disclosure was well after the production date. Moreover, with the partial and belated compliance she provided simply a voluminous document dump with no identification as to what documents went to which questions in contravention to Rule 34.[3] This excepts the two invoices in B.1 above disclosed on October 31.

---

[3] As set forth under Rule 34, both a party a nonparty must organize and label documents to correspond to the categories in the request. Because many discovery requests, and responses thereto, can be used to harass opposing parties or to increase cost of litigation, FRCP 34(b) places obligation on a responding person to organize and label documents which are produced for inspection. *Stiller v. Arnold*, 167 F.R.D. 68 (1996). Or as the Ninth Circuit put it:

"Thus, a party producing voluminous documents in response to a request for production should reasonably organize, label or index the produced documents to correspond with the categories in the request. *Residential Constructors, LLC, supra*. This requirement ensures that documents responsive to a particular request are identified in response to that request and can be reasonably accessed in the document production. A party who produces voluminous documents in no apparent order does not comply with Rule 34. *Wagner v. Dryvit Systems, Inc.*, 208 F.R.D. 606, 610-11 (D.Neb. 2001); *Stiller v. Arnold*, 167 F.R.D. 68, 70-71 (N.D.Ind. 1996). If the party produces its records in the manner they are kept in the usual course of its business, then it should identify the documents with an appropriate index or references to the document numbers corresponding to the specific requests. A party who fails to maintain its business records in an organized state, cannot rely on its own lack of organization to dump records on the discovering party and simply advise it to go search for what it is seeking. *Residential Constructors, LLC, supra*. This applies to documents that are produced electronically or in paper format."

*Koninklijke Philips Electronics N.V. v. KXD Technologhy, Inc.* (D.Nev. Mar. 20, 2007, No. 2:05-cv-01532-RLH-GWF) 2007 U.S.Dist.LEXIS 20205, at 9-10.

Harland Law Firm LLP

Hon. Robert M. Illman
November 6, 2018
Page 8

     Ms. Kramer is a licensed attorney and has not timely replied to her subpoena, nor, to date, has she fully complied with her subpoena nor complied consistent with Rule 45 and Rule 34 as set forth above.  Her asserted counsel of record has not filed a notice of appearance or any pleading or letter brief setting forth legal reasons for her client's willful refusal to fully comply with the subpoena or follow the provisions of Rule 45 and Rule 34.

     It is important to note that, as of November 6, 2018, Plaintiff is still unable to schedule depositions in this matter as neither has Kramer complied with the subpoena and nor has Defendant produced all documents required by the September 18 deadline previously set by this court, even after an in-person meet and confer conference on October 12, and a promised date of compliance of November 2, 2018.  Plaintiff has less than one month to amend her pleadings and, due to the obstruction of Ms. Kramer (and Defendant City of Eureka), will likely have to move the court for a continuance of the date to amend pleadings.[4]

**C.    Defendant Lacks Standing to Respond to Kramer's Order to Show Cause Re: Contempt**

     To the extent that Defendant has filed a letter brief providing the City's Response to Ms. Kramer's OSC, Defendant simply has no standing in this contempt matter to respond to the OSC for Kramer on behalf of Kramer or for Defendant City of Eureka.  Defendant's counsel is not Kramer's attorney; consequently Defendant's counsel Lowry has no standing to raise any issues at the OSC hearing outside from acknowledging that Defendant City failed to file a timely "motion to quash" or timely "motion for a protective order." As set forth above, Defendant's role in a third-party subpoena is limited to these two motions.

Sincerely,

/s/ Allison G. Jackson
Allison G. Jackson
Attorney for Jill Schoonmaker

---

    [4]  This will likely also effect the currently scheduled settlement conference set for January 23, 2019.