# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# EUREKA DIVISION

JILL SCHOONMAKER,

    Plaintiff,

v.

CITY OF EUREKA,

    Defendant.

Case No. 17-cv-06749-VC (RMI)

**ORDER TO COMPEL**

Previously, Plaintiff filed a request for an order to show cause as to why non-party Karen Kramer should not be held in contempt for her reported failure to comply with a Rule 45 subpoena and produce documents. *See* (Doc. 61). The court issued the Order to Show Cause. (Doc. 64). Prior to the hearing, Ms. Kramer filed a Response to the Order, in which she indicates that she has now complied with the Rule 45 subpoena but has lodged objections to several of the document requests based on the attorney client privilege. Plaintiff filed a Reply to Ms. Kramer's Response, wherein Plaintiff asserted that any objections were waived as untimely.

The matter came on for hearing before the undersigned on November 7, 2018. At the hearing, the court outlined its concerns with the request for a contempt order absent an order to compel, while comparing *Martinez v. City of Pittsburg*, No. C 11-01017 SBA LB, 2012 WL 699462, at *3 (N.D. Cal. Mar. 1, 2012), which requires that "[a] civil contempt order must be accompanied by a "purge" condition, meaning, it must give the contemnor an opportunity to comply with the order before payment of the fine or other sanction becomes due," with *Poturich v. Allstate Ins. Co.*, No. EDCV150081GWKKX, 2015 WL 12766048, at *2 (C.D. Cal. Aug. 11, 2015), which states that "many '[c]ourts have noted ... that [b]efore sanctions can be imposed

under [the Rule], there must be a court order compelling discovery.'" (quoting *In re Denture Cream Products Liab. Litig.*, 292 F.R.D. 120, 128-29 (D.D.C. 2013)). Further, the court stated that because the more recent decisions dealing with a non-party's non-compliance with a Rule 45 subpoena rely on the 2013 Advisory Committee Notes which state that "[i]n civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena,"[1] the court was inclined to treat the contempt proceeding as a motion to compel by Plaintiff. At the hearing, the parties, as well as non-party Karen Kramer, jointly agreed to proceed on the motion to compel.

Accordingly, it is ORDERED that the Order to Show Cause is DISCHARGED.

Upon consideration of the Motion to Compel, the court ORDERS that the Motion is GRANTED. Ms. Kramer's objections come far too late and no motion to quash the subpoena was ever filed by Defendant. Rule 45 requires that all objections must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). "Failure to serve timely objections waives **all** grounds for objection." *Poturich*, 2015 WL 12766048, at *2 (quoting *McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002) (emphasis added). Ms. Kramer points to discussions she had with the Eureka City Attorney and the attorneys for the City of Eureka regarding what portions of the documents over which the City may or may not assert attorney-client privilege. However, no such assertion through a motion to quash was ever filed and no timely objections were made. These are sophisticated individuals with a sophisticated client. Certainly Ms. Kramer, and the City, knew that absent a court order (either sustaining an objection or granting a motion to quash) timely compliance with the Rule 45 subpoena was mandatory.[2] The court finds Ms. Kramer's failure to timely file objections as a waiver. *See Poturich*, 2015 WL 12766048, at *3 ("Quality Sheds has waived all objections to the Subpoena."). Ms. Kramer shall comply with Rule 45 and respond to the subpoena and produce all

---

[1] *See e.g. Exp. Dev. Canada v. E.S.E. Elecs., Inc.*, No. 17-MC-80003-MEJ, 2017 WL 2500906, at *3 (N.D. Cal. June 9, 2017).
[2] "Subpoenas issued by attorneys are issued on behalf of the court and thus are treated as orders of the court." *Martinez*, 2012 WL 699462, at *2.

2

responsive documents without objections no later than November 9, 2018, at 5:00 p.m.

**IT IS SO ORDERED.**

Dated: November 7, 2018.

ROBERT M. ILLMAN
United States Magistrate Judge