UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JILL SCHOONMAKER,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF EUREKA,<br><br>    Defendant. | Case No. 17-cv-06749-VC (RMI)<br><br>**ORDER ON MOTIONS FOR INDEPENDENT EXAMINATION AND ADDITIONAL TIME FOR DEPOSTION OF PLAINTIFF**<br><br>Re: Dkt. Nos. 51, 83, 86 |

Previously, Defendant filed a Motion to Compel a Psychological Examination Under Rule 35 (Doc. 51), and a Motion to Compel Additional Deposition Time (Doc. 52). The court granted the request for additional deposition time but delayed deciding the amount of time and the scope of the deposition until after the Rule 35 issue had been determined. *See* Order of Oct. 9, 2018 (Doc. 60). At the time, the court deferred ruling on the request for an independent medical examination ("IME") based on an offer of compromise made by Defendant. Instead, the court gave the parties an opportunity to resolve the issues without further court intervention. The parties were unable to resolve the issues and have filed letter briefs as to the necessity of the IME, the time and scope of the additional deposition, and the location of the depositions and any IME. *See* (Docs. 51, 83 & 86).

### *The IME*

Defendant has requested that the court compel Plaintiff to submit to a mental examination pursuant to Rule 35 of the Federal Rules of Civil Procedure. Rule 35 states in relevant part that "[t]he court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified

examiner." Fed. R. Civ. P. 35(a)(1). "A mental condition is 'in controversy' when it is itself the subject of the litigation." *Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161, 164 (N.D. Cal. 2013). Further, "courts will order plaintiffs claiming emotional distress damages to undergo an IME when . . . the plaintiff alleges a specific mental or psychiatric injury or disorder." *Id*. Here Plaintiff's mental condition is the subject of her first cause of action (First Cause Action – ADA claim that Defendant terminated Plaintiff's employment because of her mental disabilities) and she has also alleged a specific mental or psychiatric injury (in January of 2017) and disorder (mild-to-moderate bipolar disorder, chronic depression, and anxiety disorder). *See* Compl. (Doc. 1). Thus, the court finds good cause to order that Plaintiff submit to an IME.

However, Plaintiff has already submitted to an IME by Dr. Ramirez as part of her worker's compensation claim and it occurred following the filing of this suit. "Although not conducted pursuant to Rule 35, that prior exam means that Defendant must meet a stronger showing of necessity before this Court will order a second examination." *Edson v. Liberty Mut. Ins. Co.,* 2002 WL 31946902, at *1 (N.D. Cal. Oct. 4, 2002). The basis of Defendant's request for the second exam is that the first exam was generated for the purposes of determining whether an injury occurred in the workplace, whereas the Rule 35 exam would be for the purposes of determining whether Plaintiff suffered from a disability during the pendency of her employment. Letter Brief (Doc. 86) at 1. Defendant points specifically to the "[t]he investigation report that formed the basis of Plaintiff's termination [which] references incidents going back to 2011" and argues that "Dr. Ramirez's report does not include any analysis or diagnosis as to [Plaintiff's] underlying disabilities during her employment at the City." *Id*. The court does not agree.

A review of Dr. Ramirez's report reveals that in making his determination that employment events were the predominant cause of all causes that produced a psychiatric injury (p.33 of the Report), Dr. Ramirez necessarily analyzed Plaintiff's mental status over the course of her employment. Indeed, Dr. Ramirez made that determination after providing a detailed discussion of Plaintiff's employment history including, her medical leave in 2011 for stress, changes in personnel in 2012 and 2014, her issues with the hiring and training of Will Folger in 2015, her placement on antidepressants in 2016, and her medical leave in January of 2017 (pp. 26-

2

28 of the Report). Within the report Dr. Ramirez also details Plaintiff's past psychiatric history (p.11). And Dr. Ramirez made his determination with the benefit of Plaintiff's past medical records, which include the time-period during and prior to Plaintiff's employment with the city and which contain several diagnoses for major depressive disorder and anxiety and other mental impressions of Plaintiff's treating physicians.

In short, Defendant has failed to meet the burden of the stronger showing of necessity as to why Plaintiff should be subjected to a second IME. Defendant is certainly free to retain its own expert to review Dr. Ramirez's report to provide their own analysis and diagnosis as to any of Plaintiff's underlying disabilities during her employment, but the need for further examination is unnecessary based on the detailed report from the first exam. Moreover, Plaintiff has stated that should the court determine that a second IME was unnecessary based on the first exam, she would stipulate 1) that Plaintiff is not claiming treatment costs from medical, counseling, or mental health services; and 2) Plaintiff's emotional distress will be limited to general complaints. The court will accept those stipulations, which further weigh against ordering a second exam.

### *The amount of time and scope of the second deposition*

The court has already found good cause to extend the time for depositions beyond the 7 hours allowed by Rule 30. *See* Order of Oct 9, 2018 (Doc. 60). Because Plaintiff has stipulated to not claiming treatment costs from medical, counseling, or mental health services and that her claims of emotional distress will be limited to general complaints, the court will reduce Defendant's original request for an additional 7 hours to an additional 5 hours. The deposition questioning will be limited in scope as to the limitations set forth by Defendant in the Joint Letter Brief (Doc. 83), filed November 29, 2018. The additional depositions can take place either on the Big Island of Hawaii, or by video, at Defendant's choosing. The court will leave it to the parties to work together to find a convenient time and date.

//
//
//
//

**IT IS SO ORDERED.**

Dated: December 4, 2018.

_____
ROBERT M. ILLMAN
United States Magistrate Judge

4